UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Kazuhiko S. Yamada | ) | Bankruptcy Case No. 15-11837 |
| | ) | |
| Debtor | ) | |
| --------------------------- | ) | |
| | ) | |
| William K. Harrington | ) | |
| United States Trustee | ) | |
| For Region One, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. |
| | ) | |
| Kazahiko S. Yamada | ) | |
| 70 Frenchtown Road | ) | |
| Box 122 | ) | |
| North Kingstown, RI 02852, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT FOR DENIAL OF DISCHARGE

Plaintiff, William K. Harrington, United States Trustee, brings this action pursuant to 11 U.S.C. § 727(a)(4)(A), (a)(2), and (a)(4)(D) for denial of the discharge of Kazuhiko S. Yamada. In support of this complaint, the United States Trustee respectfully states as follows:

JURISDICTION & VENUE

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(b)(2)(J) this matter is a core proceeding. Venue is proper in this Court pursuant to 28 U.S.C. § 1409. Plaintiff has standing to pursue this Adversary Proceeding pursuant to 11 U.S.C. §§ 307 and 727.

## THE PARTIES

2. Plaintiff is the U.S. Trustee for Region 1, duly appointed pursuant to 28 U.S.C. § 581(a)(1).

3. Kazuhiko S. Yamada ("Defendant" or "Debtor") is an individual residing at 70 Frenchtown Road, Box 122, North Kingstown, RI 02852.

## FACTUAL BACKGROUND

4. The instant case is the Defendant's third chapter 13 voluntary petition.

5. The Debtor filed case no: 13-13230 on December 12, 2013. On January 8, 2014 the Defendant filed a notice of voluntary conversion to Chapter 7. The case was dismissed on motion of the United States Trustee for Abuse. *See* 13-13230, Doc.#78.

6. On May 5, 2015, the Debtor filed his second chapter 13, case no: 15-10936.

7. On July 7, 2015, the Court granted the Chapter 13 trustee's motion to dismiss the second case based upon the Debtor's failure to appear at the 341 meeting of creditors.

8. On September 25, 2015 ("Petition Date"), the Defendant filed his third petition seeking relief under chapter 13 of the United States Bankruptcy Code.

9. On February 17, 2016 this Court granted the motion of the chapter 13 trustee to convert this case to one under chapter 7. *See* Order Doc. #55.

10. Upon information and belief and subject to further discovery, the Defendant as of the Petition Date had an interest in a trust established by his late father (the "Trust").

11. The Defendant's interest in the Trust is property of his bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1).

12. The Defendant did not disclose his interest in the Trust in his Schedule B of personal property at question 20 and which was filed under oath in this case on October 9, 2015. *See* Doc. #14, page 5.

13. The Defendant did not disclose his interest in the Trust on his Amended Schedule B, at question 25, which was filed under oath in this case on March 10, 2016. *See* Doc# 73, page 4.

14. The Debtor received Trust funds of $33,798.97 in 2014.

15. The Debtor received Trust funds of $39,470.00 in 2015.

16. The Debtor made a false oath in answering question two on his Statement of Financial Affairs when he responded he had received $7,800 in the two years preceding this case from "Trust Funds from Japan." *See* Doc. #14, page 25.

17. On the Petition Date, the Debtor had an ownership interest in the real estate located at 7 Hillside Street, Saunderstown, RI.

18. The Defendant made a false oath on his Schedule A – Real Property when he indicated "None." *See* Doc. #14 page 2.

19. The Defendant made a false oath on his Schedule I – Income when he failed to disclose the income of his non-filing spouse.

20. The Defendant as of the date of the petition in this case was aware that Om Shri Agasi Mata, LLC, d/b/a Hampton Inn and Jahyesh Patel claimed the Defendant was indebted to them as they had filed an adversary proceeding against the Defendant during an earlier filing. *See* A.P. 14-01011.

21. The Defendant made a false oath on his Schedule F in failing to include on his Schedule F any claims of Om Shri Agasi Mata, LLC, d/b/a Hampton Inn and Jahyesh Patel.

22. The Debtor signed the Declaration concerning Debtor's Schedules filed with this Court at Doc. #14 page 23.

23. The Defendant made a false oath or account by knowingly and fraudulently signing the declaration under oath filed as Doc. #14 page 23.

24. The Defendant made a false oath or account by knowingly and fraudulently signing the declaration on his Statement of Financial Affairs under the pains and penalties of perjury on October 9, 2015. *See* Doc. #14 at page 34.

25. The Chapter 7 trustee has made repeated requests of the Defendant for documents related to the Trust.

26. The Defendant has failed to provide the Chapter 7 Trustee with information she is entitled to regarding the Trust.

COUNT I
(FALSE OATH)
<u>DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)</u>

27. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

28. Title 11 U.S.C. § 727(a) (4) provides that the Court shall deny the debtor a discharge if it is found that the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

29. The Defendant knowingly and fraudulently in or in connection with this case made a false oath or account on his Schedule B by failing to disclose his interest in the Trust.

30. The Defendant knowingly and fraudulently in or in connection with this case made a false oath or account on his Statement of Financial Affairs by failing to disclose his trust income for the two years preceding the filing.

31. The Defendant knowingly and fraudulently in or in connection with this case made a false oath or account on his Schedule A in failing to include his real property at 7 Hillside Street Saunderstown, RI.

32. The Defendant knowingly and fraudulently in or in connection with this case made a false oath or account on his Schedule I when he failed to disclose the income of his non-filing spouse.

33. The Defendant knowingly and fraudulently in or in connection with this case made a false oath or account on his Schedule F in failing to include all of his creditors including Om Shri Agasi Mata, LLC, d/b/a Hampton Inn and Jahyesh Patel.

COUNT II
(CONCEALMENT)
<u>DENIAL OF DISCHARGE UNDER 11 U.S.C. §727(a)(2)</u>

34. The U.S. Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

35. Title 11 U.S.C. § 727(a)(2) provides that the Court shall deny a discharge if it is found that the Debtor with intent to hinder, delay or defraud a creditor or officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed  -

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition.

36. The Defendant with intent to hinder, delay or defraud his creditors and his bankruptcy trustee concealed his interest in the Trust.

37. The Defendant with intent to hinder, delay or defraud his creditors and his bankruptcy trustee concealed his income from the Trust.

COUNT III
(WITHHOLDING INFORMATION FROM TRUSTEE)
DENIAL OF DISCHARGE UNDER 11 U.S.C. §727(a)(4)(D)

38. The U.S. Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

39. Title 11 U.S.C. § 727(a)(4)(D) provides that the Court shall deny a discharge if it is found that the debtor knowingly and fraudulently, in or in connection with the case withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

40. The Defendant knowingly and fraudulently in connection with this case withheld from the chapter 7 trustee recorded information, including books, document, records and papers, relating to the Debtor's interest in the Trust.

WHEREFORE, the U.S. Trustee respectfully requests that this Court:

A. Enter a judgment declaring that the discharge of the Debtor from his debts is denied under 11 U.S.C. § 727; and

B. Granting the U.S. Trustee such other and further relief as is just and equitable.

November 18, 2016                        Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee for Region One

By: /s/ Gary L. Donahue
Gary L. Donahue
Assistant U.S. Trustee
U.S. Department of Justice

Office of the U.S. Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903
Tel: (401) 528-5551 ext. 100
Fax: (401) 528-5163
E-mail: Gary.L.Donahue@usdoj.gov

7